

N.Y.S.D. Case #
10-cv-9189(DLC)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 04, 2013

_____

UNDERDOG TRUCKING, L.L.C.,

*Plaintiff - Appellant*,

and

REGGIE ANDERS,

*Plaintiff*,

v.                                                                 No. 12-2742-cv

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS,

*Defendant - Appellee*,

and

OSCAR APONTE, MATT CHAPPELL, DOES 1 through 19,
ABC INSURANCE COMPANY, DEF INSURANCE COMPANY,
XYZ INSURANCE COMPANY,

*Defendants.*

_____

MANDATE ISSUED ON 04/04/2013

FOR APPELLANT:  JAPHETH MATEMU, Matemu Law Office P.C., Raleigh, North Carolina.

FOR APPELLEES:  RAYMOND G. MCGUIRE, Kauff McGuire & Margolis LLP, New York, New York.


Appeal from the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Underdog Trucking, L.L.C. ("Underdog"), appeals an award of summary judgment in favor of Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and dismissing Underdog's claims for, *inter alia*, race discrimination in violation of 42 U.S.C. § 1981.[1]  The United States District Court for the Southern District of New York (Denise Cote, *Judge*), granted Verizon's motion for summary judgment.  We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal, which we reference only as necessary to explain this order.

We review a district court's grant of summary judgment *de novo*, see Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012), and will affirm only if, construing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P.

---

[1] Because Underdog has not addressed any of its other claims in either its opening or reply brief, we consider those claims abandoned.  See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).

56(a). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d 133, 137 (2d Cir. 2010) (internal quotation marks and brackets omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Likewise, "conclusory statements or mere allegations" will not suffice to defeat a summary judgment motion. Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race," Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006), citing 42 U.S.C. § 1981(a). Under § 1981, a plaintiff is entitled to relief "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." Domino's, 546 U.S. at 476. At the summary judgment stage, we apply the burden-shifting framework set forth in McDonnell Douglas v. Green, 411 U.S. 792, 802-03 (1973), to claims arising under § 1981 that rely on indirect evidence of discriminatory intent. See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010).

Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination by demonstrating: (1) membership in a protected class; (2) that he was impaired by the defendant in the making or enforcing of a contract; and (3) circumstances surrounding that impairment give rise to an inference of discrimination.

3

See Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000). Once the plaintiff has established a prima facie showing of discrimination, the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse action. Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010). The defendant "must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the [adverse] action." St Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (internal quotation marks omitted; emphasis retained).

Once the defendant proffers a legitimate, nondiscriminatory reason for the challenged action, "the presumption of discrimination arising with the establishment of the prima facie case drops from the picture." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000). The burden then shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." Id. This requires the plaintiff to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the [defendant] were false, and that more likely than not discrimination was the real reason for the [adverse action]." Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and alteration omitted).

Having reviewed the record *de novo* in light of the foregoing principles of law, we conclude that summary judgment was warranted. We assume, without deciding, that

4

Underdog, whose owner was black, has established a prima facie case of discrimination. Verizon has proffered a legitimate, nondiscriminatory reason for assigning work to Underdog's competitor, whose owner was white – namely, that Underdog's competitor offered the same services at a substantially lower rate.  Although Underdog offers additional circumstantial evidence that evinces some level of racial discord between Underdog and Verizon, the evidence is not sufficient to rationally support a finding that Verizon's proffered reason was a "mere pretext" for racial discrimination.  <u>Weinstock</u>, 224 F.3d at 42.

      We have considered all of Underdog's remaining arguments and find them to be without merit.

      For the foregoing reasons, the judgment of the district court is AFFIRMED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit